# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DAVID PRESTON PARDUE  
ADC #93335                                                                                           PETITIONER

VS.                                       5:05CV00131 WRW/JTR

LARRY NORRIS, Director,  
Arkansas Department of Corrections;  
UNITED STATES BUREAU OF PRISONS                                           RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## I. Background

Petitioner, David Preston Pardue, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket entry #2.) Before addressing the merits of the habeas Petition, the Court will briefly review the procedural history of this case.

On May 30, 1991, the Honorable H.F. Waters, United States District Judge, sentenced Petitioner to 105 months in the Bureau of Prisons, to be followed by 36 months of supervised release, for using the mail with the intent to commit a murder, in violation of 18 U.S.C. § 1958. *United States v. Pardue*, W.D. Ark. 5:90CR50012 JLH, at docket entry #131. Petitioner was released from the BOP on May 21, 1999, and began his supervised release.

On May 15, 2002, the United States Probation Office filed a petition for revocation of Petitioner's supervised release, and requested an arrest warrant.[1] *United States v. Pardue*, W.D. Ark. 5:90CR50012 JLH, at docket entry #263. On August 2, 2002, Petitioner was arrested on the federal warrant and incarcerated in the Washington County Detention Center.[2]

Apparently after arriving at the Washington County Detention Center, state authorities served Petitioner with a state arrest warrant which charged him with aggravated robbery and aggravated assault.[3] On August 15, 2002, the Washington County Circuit Court entered an Order authorizing state authorities to take Petitioner into custody "and retain custody of [Petitioner], subject to bond, until the completion of state charges, and then custody of [Petitioner] shall be turned back over to the United States."[4] (Docket entry #2, Ex. 3.)

---

[1] The alleged grounds for revocation included two violations of Petitioner's federal conditions regarding failure to report to the probation officer as directed and not reporting his residence, and a law violation involving an armed robbery at a Wal-Mart in Washington County on July 5, 2001. The alleged robbery was included in state charges in Washington County Circuit Court.

[2] Petitioner has submitted a Detention Center "Medical Request" form dated August 3, 2002. This document reflects that "USMS prisoner Pardue" had been difficult since his arrival. Later in this document, Petitioner is referred to as a "state prisoner with a USMS detainer."

[3] The Petitioner's docket sheet in his state court case, which is part of the record in *Pardue v. Norris*, E.D. Ark., 5:06CV00184 JMM/JTR, indicates that an arrest warrant, based on an affidavit, was issued on October 2, 2001, and served on August 2, 2002.

[4] A facsimile cover page dated August 20, 2002, from the United States Marshal to a redacted individual with "Washington County Detention" includes handwritten comments that "[Petitioner] should be listed in your custody as of 8/15/02 per attached order. Petitioner's date of custody 8/3/02 to 8/14/02 should reflect to be in Marshal's custody. Can you change your records to reflect the above dates for cost reimbursement." (Docket entry #2, Ex. 4.)

On August 28, 2002, Petitioner filed a *pro se* Motion for Probable Cause Hearing and for Appointment of Counsel in his federal case.[5] *United States v. Pardue*, W.D. Ark. 5:90CR50012 JLH, at docket entry #265-66. The Court did not conduct a probable cause hearing.

On January 8, 2003, Petitioner posted bond on the state charges. *See United States v. Pardue*, 363 F.3d 695, 697 (8th Cir. 2004). On January 9, 2003, Petitioner appeared before United States Magistrate Judge Beverly Stites Jones, who held a detention hearing and entered an Order detaining Petitioner, as a flight risk, pending his final revocation hearing. *United States v. Pardue*, W.D. Ark. 5:90CR50012 JLH, at docket entry #269.

On February 11, 2003, a revocation hearing was scheduled in United States District Court but was later postponed pending the resolution of Petitioner's state charges. On February 18, 2003, the state court, apparently in response to the cancellation of the federal revocation hearing, entered an Order returning Petitioner to state custody.

On February 19, 2003, Petitioner filed a *pro se* Motion to Stop Custody Transfer in federal court alleging that his custody had been transferred between state and federal authorities multiple times in violation of the Interstate Agreement on Detainers Act ("IADA"). *United States v. Pardue*, W.D. Ark. 5:90CR50012 JLH, at docket entry #272. On March 4, 3003, the state court again entered an Order making it clear that: (1) Petitioner was to remain in state custody until March 7, 2003, his state court trial date; and (2) after the completion of his trial on the state charges, Petitioner was to be returned to federal custody.

On March 7, 2003, Petitioner pled guilty to one count of aggravated robbery and two counts of aggravated assault in Washington County Circuit Court, and was sentenced to 288 months in the

---

[5]In effect, this Motion requested a Rule 32.1 Hearing.

custody of ADC, with credit for 220 days spent in state custody. On April 2, 2003, United States District Judge Jimm Larry Hendren conducted a revocation hearing and, on April 3, 2003, entered a Judgment and Commitment Order finding Petitioner in violation of his supervised release. Judge Hendren sentenced Petitioner to 24 months in the BOP "to run consecutively to the undischarged state sentence [Petitioner] is currently serving." *United States v. Pardue*, W.D. Ark. 5:90CR50012 JLH at docket entry #276.

Petitioner appealed the revocation of his supervised release to the Eighth Circuit Court of Appeals, where he argued that: (1) the District Court erroneously denied him a probable cause hearing under Fed. R. Crim. P. 32.1; (2) he was "shuttled" in violation of the Interstate Agreement on Detainers Act ("IADA"); and (3) the District Court erroneously sentenced him to 24 months and denied him credit for time served. The Eighth Circuit rejected all of these arguments and affirmed. *United States v. Pardue*, 363 F.3d 695 (8th Cir. 2004).

Petitioner is currently serving his state sentence at the Jefferson County Correctional Facility, subject to a United States Marshal's detainer, based on the federal supervised release violation, issued on April 11, 2003.[6] On May 5, 2005, Petitioner filed this habeas action.[7] (Docket entry #2.) Petitioner argues that he is entitled to habeas relief, pursuant to 28 U.S.C. § 2241, because he is being forced to unlawfully serve his state sentence before his federal sentence. According to Petitioner, he is entitled to relief based on violations of: (1) Rule 32.1 of the Federal Rules of

---

[6] According to ADC online inmate population information, Petitioner's current parole/transfer eligibility date is April 10, 2010.

[7] On July 6, 2006, Petitioner filed a separate 28 U.S.C. § 2254 habeas action in which he challenges the constitutionality of his state court conviction and sentence resulting from his guilty plea in Washington County Circuit Court to one count of aggravated robbery and two counts of aggravated assault. *Pardue v. Norris*, E.D. Ark., 5:06CV00184 JMM/JTR.

Criminal Procedure; (2) the Fifth Amendment; (3) the Sixth Amendment; and (4) the Fourteenth Amendment.  Based on these alleged violations of his constitutional rights, Petitioner requests that the Court "declare that his federal sentence was unconstitutionally imposed, that the consecutive sentence imposed is unconstitutional, and that Petitioner's sentence to the [BOP] for the 1991 conviction has been fully served and order the [BOP] to [discharge Petitioner] from the [federal] sentence in its entirety[.]"  (Docket entry #2 at 19-20.)

Respondent Larry Norris has filed a Response (docket entry #7), as has the United States Bureau of Prisons.  Respondent Norris argues that, because Petitioner is attacking his federal conviction and sentence, and not his state court sentence, he is not a proper party to this habeas action.  Respondent BOP argues that: (1) Petitioner's § 2241 habeas claims are premature, because he is not yet in federal custody; and (2) the substance of Petitioner's habeas claims, which attack the constitutionality of his federal conviction and sentence, lie in a § 2255 action that must be filed with the sentencing court.

## II. Discussion

Petitioner's claims are premised on the assertion that, at the time he was arrested by federal authorities on August 2, 2002, there were no state charges pending against him.[8]  Petitioner contends that, once he was arrested by U. S. Marshals, federal authorities should have retained primary jurisdiction over him.  If this had occurred, Petitioner argues his federal sentence would have been

---

[8]According to Petitioner, in his direct appeal, the Eighth Circuit "erroneously found" that, at the time of his arrest on the federal warrant, state charges were pending against him.  *Pardue*, 363 F.3d at 698.  In making this argument, Petitioner overlooks the fact that the record in *Pardue v. Norris*, E.D. Ark., 5:06CV00184 JMM/JTR, establishes that, on October 2, 2001, the state issued an arrest warrant based on an affidavit establishing probable cause to believe that Petitioner had committed aggravated robbery and aggravated assault.  A copy of the relevant portion of the record in 5:06CV00184, marked Exhibit A, is attached to this Recommended Disposition.

ordered to be served prior to his state sentence.[9]  (Docket entry #2 at 5.)

In his direct appeal of Judge Hendren's revocation of his supervised release, the Eighth Circuit rejected Petitioner's argument that he was erroneously denied a probable cause hearing under Fed. R. Crim. P. 32.1(a)(1).  In an issue of first impression, the Court considered "the applicability of Rule 32.1 to a person being held for an offense in addition to the probation or supervised release violation." *Pardue*, 363 F.3d at 697.  The Court noted that Petitioner was not being held solely for violations of federal supervised release, and that, "because of [Petitioner's] pending state charges, no undue federal incarceration occurred." *Id.*  Thus, the Court concluded that the requirements of Rule 32.1(a)(1) were not applicable.[10] *Id.*

In this habeas action, Petitioner contends that the state court felony information, which was signed and notarized by the state prosecutor on October 2, 2001, was not filed in Washington County Circuit Court until August 5, 2002, three days *after* Petitioner's arrest for violating the conditions of his federal supervised release.  Because the state felony information was not filed until after he was arrested by federal agents on the federal arrest warrant, Petitioner claims that federal authorities should have followed their allegedly normal practice of retaining primary jurisdiction over him and

---

[9]Petitioner also claims that, from his arrest on August 2, 2002, until August 15, 2002, he was denied all of the due process protections of Rule 32 because he was held without bond, counsel, a prompt first appearance, or a probable cause hearing.  In addition, he claims that he never received notice of various orders transferring his custody between state and federal authorities.

[10]Alternatively, the Court held that Petitioner had waived any entitlement to a Rule 32.1 hearing because he had appeared with counsel before a United States District Judge or magistrate judge on three separate occasions and had never requested a Rule 32.1 hearing. *Pardue*, 363 F.3d at 698.

"prosecuted him first" so that his federal sentence would have been imposed first.[11] According to Petitioner, this would have resulted in his state sentence being "served concurrently." (Docket entry #2 at 17.)

In substance, Petitioner is challenging the constitutionality of his federal sentence imposed in the Western District of Arkansas for violating conditions of supervised-release, a claim that must be brought in a § 2255 action in the sentencing jurisdiction. *See DeSimme v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1987). While § 2255 contains a "savings clause" permitting the consideration of the same claims in a §2241 habeas petition, in the rare instance where the § 2255 remedy is "inadequate or ineffective," Petitioner has not met his burden to demonstrate that his remedies in the sentencing jurisdiction are inadequate or ineffective. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied"; (2) "the petitioner has been denied permission to file a second or successive § 2255 motion"; (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire").

Even if Petitioner's habeas Petition could be read as challenging only the calculation or execution of his sentence, rather than the sentence itself, it would be premature for Petitioner to

---

[11]Although it is not pertinent to the disposition of this case, it would appear that the pending state court charges referenced by the Eighth Circuit in Petitioner's direct appeal were not based on the state court felony information, but instead on a state court arrest warrant and affidavit. The docket sheet in Petitioner's state court case, which is part of the record in *Pardue v. Norris*, E.D. Ark., 5:06CV00184 JMM/JTR, indicates that an arrest warrant, based on an affidavit, was issued on October 2, 2001, and served on August 2, 2002.

make such a challenge under 28 U.S.C. § 2241.[12] Under 18 U.S.C. § 3585(a), a defendant's federal sentence begins when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." As noted by the Eighth Circuit, in rejecting Petitioner's sentence credit argument in his direct appeal, the BOP has authority under 18 U.S.C. § 3585(b) to give a defendant credit toward the service of a term of imprisonment for time in detention not credited toward another sentence. However, such a credit must occur *after* the defendant begins his federal sentence, subject to administrative procedures promulgated by the BOP.[13] There is no indication in this case that BOP has made a determination denying Petitioner the sentence credit he believes he is entitled to receive. Thus, at this time, no "controversy" exists on that issue. Accordingly, the Court recommends that this habeas action be dismissed, without prejudice to Petitioner's right to file: (1) a § 2255 motion with the sentencing court; or (2) a § 2241 habeas Petition if and when the BOP actually denies Petitioner the credit on his federal sentence that he believes he is entitled to receive.

---

[12]Petitioner argues that § 2241 habeas jurisdiction is appropriate because his claims involve transfers in violation of the IADA. Petitioner's IADA claims were rejected on direct appeal to the Eighth Circuit because Petitioner was a "pretrial detainee" held on state law charges and on federal violations of supervised release terms, and thus was not subject to a detainer while serving a "term of imprisonment" as required for the application of the IADA. *Pardue*, 363 F.3d at 698. In fact, the Court concluded that the transfers benefitted Petitioner because it allowed him, if he had chosen to do so, to force the State to prove its case to a jury by proof beyond a reasonable doubt, rather than the lesser preponderance standard that would have applied had a federal revocation hearing been conducted at Petitioner's first appearance in federal court. *Id.* While a district court has subject matter jurisdiction under 28 U.S.C. § 2241(c)(3) to consider a pretrial petition for habeas corpus brought to challenge a detainer and untried state charges, the facts and claims in this case do not invoke the Court's jurisdiction pursuant to that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973),

[13]The Court notes that the BOP has promulgated a policy, Program Statement 5160.05, addressing certain situations where it may designate a state institution as the place for service of a federal sentence (a so-called "*nunc pro tunc*" designation).

9

### III. Conclusion

IT IS THEREFORE RECOMMENDED that this Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2241 (docket entry #2), be DISMISSED, WITHOUT PREJUDICE.

Dated this 3rd day of May, 2007.

_____
UNITED STATES MAGISTRATE JUDGE